UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVEN THOMAS,

    Plaintiff,

v.                                                                    CASE NO. 8:16-cv-177-T-23TGW

WINNEBAGO INDUSTRIES, INC.,
et al.,

    Defendants.
_____/

**ORDER**

Under the Magnuson-Moss Warranty Act (MMWA), Steven Thomas sues (Doc. 1) Winnebago Industries, Inc., and Freightliner Custom Chassis Corporation for breach of written warranties on a motor home that Thomas purchased from a third party. Under Rule 12(b)(6), Federal Rules of Civil Procedure, Freightliner moves (Doc. 6) to dismiss for failure to state a claim because Thomas "does not plead privity with Freightliner" and because "Freightliner's warranty does not cover" "the claimed defects Freightliner allegedly failed or refused to adequately repair."

**1. Privity**

Freightliner argues that although Thomas sues under the MMWA, Thomas "has no independent cause of action under the MMWA" because the MMWA "only borrows state law causes of action." (Doc. 6 at 3) According to Freightliner, a complaint asserting a claim under Florida law for breach of a written warranty must

allege privity between the plaintiff and the warrantor.[1]  (Doc. 6 at 3)  Because the complaint includes no allegation of privity between Freightliner and Thomas, Freightliner argues that the complaint fails to state a claim.  (Doc. 6 at 3)

Thomas sues under 15 U.S.C. § 2310(d) of the MMWA, which states:

> **(d) Civil action by consumer for damages, etc.; jurisdiction; recovery of costs and expenses; cognizable claims**
>
> (1) . . . [A] consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation . . . under a written warranty, implied warranty, or service contract, may bring suit for damages. . . .

"If the terms of the statute are clear and unambiguous, the inquiry ends and we simply give effect to the plain language of the statute."  *Toomer v. City Cab*, 443 F.3d 1191, 1194 (10th Cir. 2006) (Kelly, J.); *accord Sides v. Macon County Greyhound Park, Inc.*, 725 F.3d 1276, 1282 (11th Cir. 2013).  The MMWA expressly creates a private right of action, by which a consumer may sue a warrantor for breach of a written warranty.

By definition, the MMWA limits an implied-warranty claim to a claim "arising under State law."[2]  *See Walsh v. Ford Motor Co.*, 588 F. Supp. 1513, 1525 (D.D.C. 1984) (Green, J.) (holding that, because "Congress has specifically provided that implied warranties 'arise' under State law," MMWA claims for breach of an implied warranty must "'originate' from or 'come into being' from state law.").  The

---

[1] *See Yvon v. Baja Marine Corp.*, 495 F. Supp. 2d 1179, 1184 (N.D. Fla. Feb. 20, 2007) (Hinkle, J.) (stating that under Florida law privity is "required for actions premised on express warranties").

[2] Section 2301(7) states, "The term 'implied warranty' means an implied warranty arising under State law . . . in connection with the sale by a supplier of a consumer product."

MMWA's definition of "written warranty" contains no comparable limitation.[3] Accordingly, Thomas's claim for breach of a written warranty "can proceed under the MMWA," which "does not require privity." *In re McDonald's French Fries Litig.*, 503 F. Supp. 2d 953, 958 (N.D. Ill. 2007) (Bucklo, J.); *accord Fed. Ins. Co. v. Lazzara Yachts of N. Am., Inc.*, 2010 WL 1223126, at *6 (M.D. Fla. Mar. 25, 2010) (Whittemore, J.) ("An action for breach of express warranty may be brought pursuant to Magnuson Moss, notwithstanding a lack of transactional privity."); *Rentas v. DaimlerChrysler Corp.*, 936 So. 2d 747, 750–51 (Fla. 4th DCA 2006) (May, J.) (holding that "the MMWA does provide an independent federal cause of action for breach of warranty" and that a "written warranty as defined under the MMWA does not require privity.").

---

[3] Section 2301(6) states:

> The term "written warranty" means —
>
>> (A) any written affirmation of fact or written promise made in connection with the sale of a consumer product by a supplier to a buyer which relates to the nature of the material or workmanship and affirms or promises that such material or workmanship is defect free or will meet a specified level of performance over a specified period of time, or
>>
>> (B) any undertaking in writing in connection with the sale by a supplier of a consumer product to refund, repair, replace, or take other remedial action with respect to such product in the event that such product fails to meet the specifications set forth in the undertaking,
>
> which written affirmation, promise, or undertaking becomes part of the basis of the bargain between a supplier and a buyer for purposes other than resale of such product.

**2. Warranty Coverage**

Freightliner argues that the warranty "does not cover the issues with" Thomas's motor home that Thomas "alleges Freightliner failed or refused to adequately repair." (Doc. 6 at 4)  Freightliner states that Thomas attached (Doc. 1-5) to the complaint only a summary of the warranty and that the actual warranty that "may apply to" Thomas's motor home fails to cover the "issues [Thomas] complains of." (Doc. 6 at 4, 5)

No federal rule requires Thomas to attach the warranty to the complaint. *See AGSC Marine Ins. Co. v. Spectrum Underground, Inc.*, 2012 WL 2087441, at *2 (M.D. Fla. June 8, 2012) (Moody, J.) ("Although [a] failure [to attach a written contract] would result in a dismissal, without prejudice, of [a] breach of contract claim under Florida law . . . the *Federal* Rules of Civil Procedure, which apply to this case, do not have an analogous requirement.") (emphasis in original).  Instead, under Rule 8(a)(2), Federal Rules of Civil Procedure, the complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  The complaint alleges (1) that Freightliner "promised in the [written] warranty that Freightliner would repair defects and replace defective parts" in Thomas's motor home (Doc. 1 ¶ 18) and (2) that Freightliner breached the warranty by failing to repair defects in the motor home's "alignment, jack system, electrical system, air conditioner, slides, and interior." (Doc. 1 ¶¶ 19–25)  Because on a motion to dismiss the allegations in the complaint "are accepted as true," *Key v. Lundy*, 563 Fed. Appx.

- 4 -

758, 759 (11th Cir. 2014) (per curiam), the complaint sufficiently states a claim under the MMWA for breach of a written warranty.

## CONCLUSION

Accordingly, Freightliner's motion (Doc. 6) to dismiss is **DENIED**.

ORDERED in Tampa, Florida, on June 27, 2016.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE