UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVEN THOMAS,

    Plaintiff,

v.                                                          CASE NO. 8:16-cv-177-T-23TGW

WINNEBAGO
INDUSTRIES, INC., et al.,

    Defendants.
_____/

**<u>ORDER</u>**

On December 29, 2014, Steven Thomas bought a Winnebago recreational vehicle from Camping World in Dover, Florida, for $252,495, excluding the sales tax, the finance charge, a trade-in allowance, and miscellaneous fees. Winnebago warrantied the interior of the vehicle for twelve months, and Freightliner warrantied the chassis for twelve months. Suing (Doc. 1) Winnebago and Freightliner under the Magnuson-Moss Warranty Act for breach of express warranty, Thomas alleges that eighteen "problems" plague the vehicle:

        (A) A noise from the driver's-side "slide-out room";
        (B) The passenger seat leans right;
        (C) The air bed leaks air;
        (D) The vehicle "pulls right" while driving at highway speeds;
        (E) A "drive-line vibration" between 62 and 65 miles per hour;
        (F) The "air ride is off in the rear";
        (G) The air suspension bleeds air overnight;
        (H) A tire is "not centered" in the wheel well;
        (I) A bathroom cabinet opens while driving;
        (J) A broken rear mudflap;

    (K) The driver's window "leaks in heavy rain";
    (L) A broken plastic cover on the refrigerator;
    (M) The front door of the coach sometimes fails to close;
    (N) Four nails protrude from the bathroom wall;
    (O) The washing machine vibrates while on;
    (P) A panel in the bathroom "is separating from the wall";
    (Q) A missing wall panel behind the slide door in the bedroom; and
    (R) An ineffective repair of the couch.

(Doc. 23-2 at 16, Thomas's response to an interrogatory) Thomas alleges that the defendants failed to repair the purported defects despite several opportunities. The defendants move (Docs. 22, 36) for summary judgment.

## DISCUSSION

Section 2310(d) of the Magnuson-Moss Warranty Act provides a federal venue for a warranty claim if the amount in controversy from the claim exceeds $50,000, but a state's substantive law governs the claim.[1] *Bailey v. Monaco Coach Corp.*, 350 F.Supp.2d 1036, 1041 (N.D. Ga. 2004) (Thrash, J.), *aff'd*, 168 Fed. Appx. 893 (11th Cir. 2006). To prevail on a breach-of-warranty claim, Thomas must prove that a defendant failed to repair a defect after Thomas both notified the defendant about the defect and afforded the defendant a reasonable opportunity to repair. § 672.607(3)(a), Florida Statutes (notice); 15 U.S.C. § 2310(e) (opportunity to repair).

---

[1] Although primarily a jurisdiction-conferring statute, the Magnuson-Moss Warranty Act includes several substantive provisions. For example, the act requires that a customer provide a warrantor a "reasonable opportunity to cure" a failure to comply with the warranty before the customer sues. 15 U.S.C. § 2310(e).

- 2 -

**1. Thomas proffers no evidence of a defect in the Freightliner chassis.**

Limited to the vehicle's chassis, the Freightliner warranty conceivably might cover five of the purported defects (D, E, F, G, and H).  Unless an ordinary juror can reasonably attribute a product's failure to a defect rather than to another cause (for example, ordinary wear and tear, abnormal usage, or improper maintenance), the plaintiff must proffer competent and admissible opinion testimony that a manufacturing defect more likely than not caused the failure.  *See Bailey*, 350 F.Supp.2d at 1045.  In *Bailey*, the plaintiff alleged that the "squeaking" of a recreational vehicle's brakes evidenced a defect, but the plaintiff's expert "expressed no opinion" whether the "noisy brake system constitue[d] a defect."  350 F.Supp.2d at 1045.  Because the "proper functioning of a motorhome brake system is not within the reasonable purview of an average layperson," the plaintiff's failure to proffer expert testimony that a defect caused the "squeaking" resulted in summary judgment for the defendant.  *Bailey*, 350 F.Supp.2d at 1045.  Because several other causes, including abnormal use, a collision, misalignment of the tires, improper installation of shock absorbers, or a defect in another component of the vehicle, might explain the purported problems conceivably attributable to Freightliner, Thomas must proffer expert testimony that a chassis defect likely caused the vehicle's problems.  Absent competent testimony of causation, an ordinary juror cannot reasonably infer that an unrepaired defect likely caused the problems.

Freightliner's expert, Dennis Rostenbach, examined the vehicle and found no unrepaired defect. (Doc. 35) To refute Freightliner's argument that the absence of an unrepaired defect requires granting summary judgment for Freightliner, Thomas proffers the testimony of George Agutter, a purported recreational-vehicle expert. Agutter, who after several years in the boating and the home-inspection industries founded an "RV pre-purchase inspection business" in 2011, "visually inspected" Thomas's vehicle.[2] (Doc. 24-2) Agutter neither reviewed the vehicle's service history nor performed a diagnostic test. (Agutter Depo. at 73) Based on the visual inspection, Agutter recommends "repair[ing]" or "replac[ing]" several items. (Doc. 24-2) But Agutter, who admittedly proffers no opinion about the cause of a problem in the vehicle (Agutter Depo. at 146–47), concedes that normal "wear and tear" or "scheduled owner's maintenance" might explain the need for service. (Agutter Depo. at 73–74) Agutter's testimony, which omits any opinion on causation, cannot assist the finder of fact and, consequently, cannot evidence a factual dispute that precludes granting summary judgment for Freightliner. *See Pearson v. Winnebago Indus., Inc.*, 2016 WL 6893937 at *8 (M.D. Fla. Nov. 23, 2016)

---

[2] Also, Thomas proffers the affidavits of Timothy Crowder and Mark Hodge, who both worked at Camping World. The defendants argue (Doc. 33 and Doc. 36 at 5) that the affidavits cannot contribute to the resolution of the motions for summary judgment because Thomas failed to disclose the witnesses. Thomas argues (Doc. 57) that the defendants suffered no harm from the failure to disclose, but the failure deprived the defendants of the opportunity to depose the witnesses. Because the failure to disclose was neither "substantially justified" nor "harmless," under Rule 37(c)(1) the affidavits cannot contribute to the resolution of the motions for summary judgment. Even if admissible, the conclusory affidavits establish no material dispute of fact in light of Agutter's and Rostenbach's testimony.

(Lammens, Mag.) (holding that Agutter's identification of a "potential problem" fails to show a material dispute "regarding the existence of a manufacturer's defect").

Also, Agutter "defers" to Freightliner expert Rostenbach to determine whether Thomas's vehicle suffers from a chassis defect. (Agutter Depo. at 84–90 and 173) As noted above, Rostenbach opines that the vehicle suffers from no defect covered by Freightliner's limited warranty. (Doc. 35-3) Rostenbach states that the tires require alignment, but Freightliner's limited warranty excludes alignment. (Doc. 35-2 at 23) Also, Rostenbach states that the misaligned tires "can be easily corrected" for "less than $2,000." (Doc. 35-3 at 3) The opinion of Freightliner's expert, to whom the plaintiff's purported expert defers, shows no unrepaired Freightliner defect.

As in *Bailey*, the plaintiff's purported expert expresses no opinion that an unrepaired defect caused the vehicle's problems. Even if Agutter opines that an unrepaired defect persists, Agutter's "expert" opinion is inadmissible. Under Rule 702, Federal Rules of Evidence, a witness qualified "by knowledge, skill, experience, training, or education" may testify as an expert. Agutter, who lacks a certification from the Recreational Vehicle Industry of America (Agutter Depo. at 17), who lacks any "accolades, accreditations, [or] certifications that pertain to recreational vehicles" (Agutter Depo. at 24), who until 2011 lacked any "recreational vehicle experience whatsoever" (Agutter Depo. at 26), and who lacks training in the repair of a recreational vehicle (Agutter Depo. at 26, 41), is unqualified to identify a

defect in the vehicle. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), requires excluding Agutter's testimony.

Admittedly not trained or experienced in the maintenance or repair of a recreational vehicle (Thomas Depo. at 34, 42–44, 136), Thomas lacks the knowledge necessary to isolate a defect as the cause of the vehicle's purported problems. Rostenbach's unrebutted testimony shows the absence of an unrepaired defect, and Thomas's lay opinion cannot defeat summary judgment. *See Pearson v. Winnebago Indus., Inc.*, 2016 WL 6893937 at *6 (M.D. Fla. Nov. 23, 2016) (Lammens, J.) (holding that the plaintiffs could not "overcome the [expert] evidence of no defect simply by offering their own personal opinion that the RV . . . was not functioning properly"); *Davenport v. Thor Motor Coach, Inc.*, 2015 WL 13021664 at *5 (M.D. Fla. Aug. 6, 2015) (Adams, J.) (granting summary judgment where the defendant's expert found no defect and where the plaintiffs "have no testifying expert and have admitted that they possess no technical knowledge" about a recreational vehicle's operation); *McLaughlin v. Monaco RV LLC*, 2015 WL 5355465 (M.D .Fla. Sept. 14, 2005) (Honeywell, J.) (same).

Thomas argues that *Cassisi v. Maytag Co.*, 396 So. 2d 1140 (Fla. 1st DCA 1981) (Ervin, J.), permits an inference that Thomas's vehicle suffers from a defect and requires denying summary judgment. In *Cassisi*, the plaintiff's dryer caught fire, and the fire consumed the house. Although the plaintiff's expert opined that the fire began inside the dryer, the expert could not "pinpoint a specific defect within the

- 6 -

dryer," which was severely damaged. Explaining that a non-defective dryer will not combust spontaneously, *Cassisi* holds that proof of a "malfunction" during normal use permits an inference of a defect, which inference requires denying summary judgment.[3] 396 So. 2d at 1151–52. Even if a plaintiff shows proof of a "malfunction," a defendant can avoid trial by "showing [that] there are no genuine issues of material fact to be resolved by a jury rather than suggest[ing] possible reasons for the product's malfunction." *Cassisi*, 396 So. 2d at 1151. Rostenbach's expert testimony excludes the possibility that an unrepaired defect caused the vehicle's problems. Even if admissible, Agutter's opinion — which omits a conclusion about the cause of the vehicle's problems — establishes no material dispute about whether a defect caused the vehicle's problems. Because Thomas lacks the requisite qualifications to identify a defect, Thomas's lay opinion cannot defeat summary judgment. *See Pearson*, 2016 WL 6893937 at *6–*7 and n.12 (granting summary judgment for the defendant where defendant's expert identified no defect

---

[3] To invoke the *Cassisi* inference, a plaintiff must proffer sufficient proof of a malfunction. *Ainsworth v. KLI, Inc.*, 967 So. 2d 296, 302–03 (Fla. 4th DCA 2007) (per curiam) (explaining that a plaintiff cannot invoke the *Cassisi* inference if the plaintiff fails to identify "any tangible evidence demonstrating that there was a malfunction caused by a defect"); *Beauregard v. Continental Tire N.A., Inc.*, 435 Fed.Appx. 877, 880–81 (11th Cir. 2011). If several causes might explain a product's failure and if the plaintiff fails to proffer evidence permitting a fact-finder to reasonably attribute a failure to a defect, the *Cassisi* inference is inapposite. *See Beauregard*, 435 Fed.Appx. at 880–81. The plaintiff's expert, Agutter, admits that several causes (for example, normal "wear and tear" or the need for regular maintenance) might explain the vehicle's problems. (Agutter Depo. at 73–74) Because Thomas proffers insufficient proof of a malfunction, the *Cassisi* inference is unavailable. *See Pearson*, 2016 WL 6893937 at *6 n.12 (rejecting the plaintiff's request for a *Cassisi* inference where the defendant's expert identified no defect and where the plaintiff rebutted the expert's opinion by proffering only the plaintiff's own lay opinion).

and where the plaintiffs proffered only "their own personal opinions that the RV . . . was not functioning properly").

**2. Thomas need not proffer expert testimony about several purported defects in Winnebago's craftsmanship or materials.**

Winnebago's expert, Enoch Hutchcraft, identifies no unrepaired defect covered by Winnebago's warranty. (Doc. 23-1) Winnebago argues (Doc. 22 at 14–15) that Hutchcraft's opinion excludes the possibility of an unrepaired defect caused by Winnebago's materials or craftsmanship. According to Winnebago, Thomas's failure to rebut Hutchcraft's opinion with reliable expert testimony requires granting summary judgment for Winnebago. Thomas correctly responds that he need not proffer expert testimony of a simple problem (as opposed to a "technically complex" problem) and that Thomas's opinion suffices to show a factual dispute. (Doc. 30 at 7 ("Winnebago does not address whether, and if so how, the complaints of Mr. Thomas are so technically complex that the jury would not be able to understand them, thus necessitating expert testimony.")) Of the eighteen purported defects identified in Thomas's interrogatory, nine appear not to require expert testimony:[4]

>     (B) The passenger seat leans right;
>     (I) A bathroom cabinet opens while driving;
>     (J) A broken rear mudflap;
>     (K) The driver's window "leaks in heavy rain";
>     (M) The front door of the coach sometimes fails to close;

---

[4] According to Hutchcraft, Winnebago's warranty excludes a third-party vendor's item, for example, the air bed (C), the refrigerator (L), and the washing machine (O). Thomas fails to rebut Hutchcraft's assertion about the third-party items.

- 8 -

(N) Four nails protrude from the bathroom wall;
(P) A panel in the bathroom "is separating from the wall";
(Q) A missing wall panel behind the slide door in the bedroom; and
(R) An ineffective repair of the couch.

Unlike in *Bailey* and unlike the problems purportedly attributable to the Freightliner chassis, an ordinary juror likely can infer a defect in these items without expert testimony, and Thomas's testimony suffices to establish a factual dispute about the problems above.

**3. Thomas fails to proffer evidence of damages.**

Even though Thomas's testimony evidences an unrepaired defect from Winnebago's craftsmanship or materials, Thomas fails to proffer evidence about the diminution in value from the purported defects. Under Section 672.714, Florida Statutes, which mirrors the Uniform Commercial Code, the measure of damages is the difference in value at the time of acceptance between a defective and a non-defective product. Although a plaintiff need not establish damages with scientific precision, a finder of fact cannot calculate damages based on "speculation or guesswork." *Smith v. Austin Dev. Co.*, 538 So. 2d 128, 129 (Fla. 2d DCA 1989) (Schoonover, J.).

Not knowledgeable about recreational vehicles (Thomas Depo. at 142), Thomas admittedly cannot estimate the damages from the purported defects.[5]

---

[5] Although Thomas admits in the deposition not knowing the diminution in value from the purported defects, in a post-deposition affidavit Thomas opines that the purported defects reduced the vehicle's value on December 29, 2014, by approximately $110,000. (Doc. 26-1 at 4, explaining that the vehicle [which cost $252,495] "was not worth more than $140,000 on the date that I purchased it") Because Thomas's affidavit conflicts directly with his deposition testimony, the
(continued...)

- 9 -

(Thomas Depo. at 228, stating that "I don't know" the value of the vehicle "given . . . all of these complaints")  Based on "Internet research" and a National Automobile Dealers Association guidebook, Thomas estimates the vehicle's value at $150,000 to $160,000 as of August 2016 "if [the vehicle] was all working."  (Thomas Depo. at 227–28)  For two reasons, Thomas's approximation cannot guide a fact-finder's damages determination.  First, Thomas's qualifier ("if [the vehicle] was all working") circumvents the disputed issue, the decline in value attributable to the purported defects.  Second, Thomas's August 2016 estimate includes the depreciation from ten-thousand miles and twenty months of use, but to assess damages a finder of fact must determine the vehicle's value on December 29, 2014, the day of acceptance.  Thomas proffers no appraisal, and the absence of competent evidence about damages requires a finder of fact to speculate impermissibly about the diminution in value on December 29, 2014.  *See Johnson v. Thor Motor Coach, Inc.*, 5:15-cv-85 (M.D. Fla. Aug. 1, 2016) (Lammens, Mag.) (granting summary judgment for the defendant because the plaintiff offered no evidence of the diminution in value attributable to a purported defect as of the date of acceptance); *Davenport*, 2015 WL 13021664 at *6 (same).

---

⁵ (...continued)
affidavit cannot establish a genuine dispute of fact. *Van T. Junkins and Assocs., Inc. v. U.S. Indus., Inc.*, 736 F.2d 656, 658–59 (11th Cir. 1984) (affirming summary judgment because the plaintiff's affidavit, which conflicted with the plaintiff's deposition, created no genuine dispute of fact).

**CONCLUSION**

Thomas complains of several defects in a recreational vehicle. But Thomas's purported expert, George Agutter, expresses no opinion whether the vehicle's problems resulted from a defect or from another cause, for example, ordinary wear and tear or inadequate maintenance. Agutter defers to a Freightliner-certified technician to determine whether the vehicle suffers from an unrepaired defect, and Freightliner-certified technician Dennis Rostenbach identifies no unrepaired defect in Freightliner's craftsmanship or materials. Also, Thomas — who "do[es] not know" the diminution in value attributable to the purported defects — fails to proffer an appraisal or other evidence of damages. Viewing the record favorably to Thomas, no reasonable finder of fact could conclude that Freightliner failed to repair a defect. Even if Thomas shows evidence of an unrepaired defect, no competent evidence shows the diminution in value attributable on December 29, 2014, to the purported defects. Freightliner's motion (Doc. 36) for summary judgment is **GRANTED**.

In contrast to the purported defects in the Freightliner chassis, nine purported defects in Winnebago's craftsmanship or materials appear not to require expert testimony. However, Thomas proffers no appraisal or other competent evidence of damages, which failure precludes determining the diminution in value on December 29, 2014. Because Thomas fails to proffer evidence of damages, Winnebago's motion (Doc. 22) for summary judgment is **GRANTED**. The clerk is

directed to enter judgment for the defendants and against the plaintiff and to close the case.

ORDERED in Tampa, Florida, on May 30, 2017.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE