UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVEN THOMAS,

    Plaintiff,

v.                                               CASE NO. 8:16-cv-177-T-23TGW

WINNEBAGO INDUSTRIES, INC.,
and FREIGHTLINER CUSTOM
CHASSIS CORPORATION,

    Defendants.
_____/

## ORDER

A July 13, 2017 order (Doc. 65) grants Winnebago's unopposed motion for an attorney's fee and directs Winnebago to submit evidence about the amount of a reasonable attorney's fee and costs. In an affidavit (Doc. 66) supported by billing records (Doc. 66-1), Winnebago's attorney affirms that Winnebago incurred an attorney's fee of $53,951 (which comprises 215.8 hours at $250 per hour). Also, the affidavit avers that an expert assessed a fee of $16,105.63.

The plaintiff objects (Doc. 70) to taxing the time Winnebago's attorney spent traveling to and from Tampa. Several decisions decline to tax travel time under Section 768.79, Florida Statutes, if the local legal market offers accomplished and available counsel with the pertinent expertise. *E.g.*, *Johnson v. Thor Motor* Coach, 2017 WL 552737 (M.D. Fla. Feb. 10, 2017) (Lammens, J.); *LeFrock v. Walgreen Co.*, 2017 WL 914706 (M.D. Fla. Mar. 8, 2017) (McCoun, J.). In this unexceptional

warranty action, four round trips from Winter Park to Tampa appear in the billing records; each round trip requires about three hours of driving. Deducting the $3,000 (twelve hours at $250 per hour) in travel time yields an attorney's fee of $50,961, which appears reasonable in this circumstance.

Also, the plaintiff objects to taxing the cost of an expert not appointed by the court. Unlike 28 U.S.C. § 1920, Section 768.79 contains no implicit or explicit prohibition on taxing the cost of an expert not appointed by the court. *See, e.g.*, *Arnoul v. Busch Enter. Corp.*, 2008 WL 5341148 at *4 (M.D. Fla. Dec. 19, 2008) (Bucklew, J.) (taxing under Section 768.79 the cost of an expert not appointed by the court) (citing *Walgreen Co. v. Sklandis*, 895 So. 2d 1201, 1202 (Fla. 3d DCA 2005) (Wells, J.) (affirming the circuit court's taxing under Section 768.79 the cost of an expert not appointed by the court)).[*]

Although Section 768.79 permits taxing more than the $40-per-day allowed under 28 U.S.C. § 1821, Winnebago cannot reasonably recover travel time and travel expenses for the expert, who resides in Oregon. Deducting the cost ($3,049.58) of the expert's travel yields an award of $13,056.05, which appears reasonable in this instance. The total of the reasonable attorney's fee and costs is $64,017.05.

---

[*] In *Primo v. State Farm Mut. Auto. Ins. Co.*, 661 Fed.Appx. 661 (11th Cir. 2016), the defendant proposed and the plaintiff declined an offer of judgment under Section 768.79. Because "no contract or other statute" authorized the plaintiff to tax $40,000 for the expert's cost, the district court taxed $160. Unlike the plaintiff in *Primo*, Winnebago served an unaccepted offer of judgment and consequently can recover under Section 768.79 the reasonable expert's cost incurred after the unaccepted offer of judgment.

Finally, Freightliner moves (Doc. 63) to tax $3,591.13 in costs for an expert and for transcripts. Unlike Winnebago, Freightliner cites no contract or statute that permits recovering the expert's cost. Under 28 U.S.C. § 1821, Freightliner can recover $40 for a day of the putative expert's time. In total, Freightliner can recover $2,256.13 in costs.

## CONCLUSION

The clerk is directed to enter judgment for Winnebago Industries and against Steven Thomas in the amount of $64,017.05. Also, Freightliner's motion (Doc. 63) to tax costs is **GRANTED-IN-PART**. The clerk is directed to tax costs for Freightliner Custom Chassis Corporation and against Steven Thomas in the amount of $2,256.13.

ORDERED in Tampa, Florida, on September 20, 2017.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE